FILED IN CHAMBERS
U.S.D.C. – Rome

OCT 23 2019

JAMES N. HATTEN, Clerk
By: _____

(USAO GAN 6/10) Search Warrant

# United States District Court
NORTHERN DISTRICT OF GEORGIA

In the Matter of the Search of

"The Device," as described further below.

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

Case number: 4:19-MC-62

I, James Rives, being duly sworn depose and say:

I am a Special Agent with Homeland Security Investigations and have reason to believe that in the property described as:

**One blue Samsung Galaxy S9, model SM-G960U, Serial number R38KB0EQNGP ("the Device"), currently stored at the Bartow-Cartersville Drug Task Force Office, located at 500 South Tennessee Street, Cartersville, GA,**

in the Northern District of Georgia there is now concealed certain information, namely,

**See Attachment "B,"**

which constitutes evidence of a crime, contraband, and property used in committing a crime, concerning violations of Title 18, United States Code, Section 2252(a)(4)(B) (visual depictions of minors engaged in sexually explicit conduct). The facts to support a finding of Probable Cause are as follows:

SEE ATTACHED AFFIDAVIT

Continued on attached sheet made a part hereof.

Sworn to before me, and subscribed in my presence

Signature of Affiant
HSI SA James Rives

October 23, 2019
Date

Rome, Georgia
City and State

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer
AUSA Michael Herskowitz

Signature of Judicial Officer

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, James Rives, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property— a cellular telephone—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement. I have been a Special Agent since April 2, 2007. I was previously a Police Officer with the Alpharetta Police Department (GA) from June 2000 to April 2007. I successfully completed the Special Agent Training Course at the Federal Law Enforcement Training Center in September 2007, which included training involving the investigation of the sexual exploitation of children pursuant to Title 18, United States Code, Sections 2251, 2252 and 2252A. I received training and have actual experience relating to federal criminal procedures, federal statutes, and DHS regulations. I have also had the opportunity to conduct, coordinate and participate in numerous investigations relating to the sexual exploitation of children. As part of my training and experience, I have reviewed images containing child pornography in a variety of formats (such as digital still images and video images) and media (such as videotapes, and printed images). My current assignment is Office of Investigations with Immigration and Customs Enforcement, Resident Agent in Charge-Dalton.

3.       This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4.       The property to be searched is as follows: One blue Samsung Galaxy S9, model SM-G960U, Serial number R38KB0EQNGP (hereinafter, "the Device").

5.       The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

6.       On October 3, 2019, Bartow-Cartersville Drug Task Force (DTF) agents arrested Jason Bradley PATTERSON after PATTERSON sold heroin to a confidential source of information approximately ten days earlier. At the time of his arrest, PATTERSON possessed the Device on his person. During a post-*Miranda* interview, PATTERSON confirmed ownership of the Device.

7.       On October 4, 2019, DTF agents obtained a Bartow County, Georgia search warrant for the Device.

8.       On October 10, 2019, while extracting the Device pursuant to the warrant, law enforcement observed images of suspected child pornography on the Device.

9.       On October 11, 2019, I viewed an image on the Device, which appeared to be a minor female around the age of 12 years old due to body features and lack of body development.

2

The minor female was completely nude exposing her breasts and vagina. There appeared to be a sex toy (anal plug) inserted into the minor female's vagina.

10. The meta data for the image is as follows:

nal_plug_teen.mp4

Path: Samsung GSM_SM-G960U Galaxy S9.zip/sdcard/Download/9879579_Delicious_creamy_cunt_anal_plug_teen.mp4

MD5:09fd9fbcfe4d898667480d6b9b2a1eb3

Duplicates (1)

Size (bytes): 26304863

Modified: 8/22/2019 20:33 (UTC-4)

11. While HSI might already have all necessary authority to examine the Device, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

12. The Device is currently stored at the Bartow–Cartersville Drug Task Force Office, located at 500 South Tennessee Street, Cartersville, GA, within the Northern District of Georgia. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as it was when the Device first came into the possession of law enforcement.

## CHILD PORNOGRAPHY INVESTIGATIONS

13. Based upon my training and experience in child sexual exploitation and child pornography investigations, and having worked with other experienced law enforcement officers in child exploitation investigations, I know the following:

a. Persons who are involved with child pornography generally also have other sexually explicit materials related to their interest in children, which may consist of photographs, motion pictures, videos, text material, computer graphics and digital or other images of children. Such persons may also have images of children or text writing that do not rise to the level of child pornography but nonetheless fuel their deviant sexual fantasies involving minors. Such persons have been known to take and maintain photographs and video recordings of fully clothed children, not just in sexually provocative poses, but in public places and elsewhere. I am aware that this sort of material has been admitted in trials under Fed. R. Evid. 404(b) to prove such things as the possessor's knowledge, intent, motive and identity, and under Fed. R. Evid. 414 to prove that the person has a sexual interest in minors.

b. Individuals who maintain images of children as described above and child pornography often maintain these images on cameras, film, video cameras, videos, photographic equipment, computers, and other electronic mobile devices.

c. Individuals who collect child pornography often seek out like-minded individuals, either in person or on the Internet, to share information and trade depictions of child pornography and child erotica. They do this to gain status, trust, acceptance and support

4

and to increase their collection of illicit images and child erotica. The different Internet-based vehicles used by such individuals to communicate with each other include, but are not limited to, peer-to-peer, chat and file-sharing programs, e-mail, e-mail groups, bulletin boards, Internet Relay Chat ("IRC"), newsgroups, Internet clubs, and various forms of Instant Messaging such as Yahoo Messaging, and "chat" that is sometimes saved on the users' computer or electronic mobile device or other digital storage media.

d.      Besides photos of minors and child erotica, such individuals often produce and/or collect other written material on the subject of sexual activities with minors, which range from fantasy stories to medical, sociological, and psychological writings, which they save to understand and justify their illicit behavior and desires.

e.      Individuals who collect child pornography often collect, read, copy or maintain names, addresses, including e-mail addresses, phone numbers, and lists of persons who have advertised or otherwise made known in publications and on the Internet that they have similar sexual interests, or have child pornography and child erotica for sale or trade. These contacts are maintained for personal referral, exchange or, sometimes, commercial profit. They may maintain these names on computer and electronic mobile storage devices, Web sites or other Internet addresses, and their discovery can serve as leads to assist law enforcement in proving the instant case and in apprehending others involved in the underground trafficking of child pornography.

f.      Individuals who collect child pornography rarely, if ever, dispose of their sexually explicit materials and may go to great lengths to conceal and protect from discovery, theft, and damage their collections of illicit materials. The known desire of such

individuals to retain child pornography together with the sense of security afforded by using computers and electronic mobile devices, provides probable cause to believe that computer images, especially child pornography and erotic nudity involving minors, will be retained by the collector indefinitely.

## TECHNICAL TERMS

14. Based on my training and experience, I use/d the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

15. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

16. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the devices. This information can sometimes be recovered with forensics tools.

17. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

7

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

18. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the Device to human inspection in order to determine whether it is evidence described by the warrant.

19. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

8

## CONCLUSION

20. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

## ATTACHMENT A

The property to be searched is as follows: One blue Samsung Galaxy S9, model SM-G960U, Serial number R38KB0EQNGP (hereinafter, "the Device"). The Device is currently stored at the Bartow–Cartersville Drug Task Force Office, located at 500 South Tennessee Street, Cartersville, GA, within the Northern District of Georgia. This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

All records on the Device described in Attachment A that relate to violations of Title 18, United States Code, Section 2252(a)(4)(B) (visual depictions of minors engaged in sexually explicit conduct), including:

1. Images or visual depictions of child pornography, as that term is defined in 18 U.S.C. § 2256(8).

2. Images, records and information containing child erotica (i.e., children engaged in sexually suggestive poses or settings that do not meet the definition of child pornography), including texts, images and visual depictions of child erotica.

3. Any and all correspondence, in any format and medium pertaining to violations of Title 18, United States Code, Section 2252.

4. Any correspondence, in any format or medium, concerning communications about child pornography or sexual activity with or sexual interest in children.

5. Any and all information, and materials, in any format or medium that concern email accounts, online storage, or other remote computer storage.

6. Any information or materials that concern ownership and/or usage of the Device.

7. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.